UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AMERIS BANK,
As Assignee of the Federal Deposit
Insurance Corporation,
receiver of Darby Bank and Trust Co.,

Plaintiff,

v.                          6:14-cv-97

SB PARTNERS, LLC, and
ROY S. SHIVER, JR.,

Defendants.

## ORDER

### I. INTRODUCTION

Ameris Bank ("Ameris") filed a Motion for Entry of Default Judgment. ECF No. 15. For the reasons set forth below, the Court **_GRANTS_** the Motion and **_ORDERS_** the Clerk to enter a judgment in favor of Ameris and against defendant SB Partners, LLC.

### II. BACKGROUND

Ameris seeks the entry of a default judgment against SB Partners.[1] ECF No. 15. Ameris alleges that the Federal Deposit Insurance Corporation ("FDIC") assigned it two notes which were executed by SB Partners. ECF No. 1 at 4, 6. According to the complaint, SB Partners "failed to timely pay Plaintiff payments which became due." *Id.* at 4, 7. In addition to the principal amount owed, Ameris seeks accrued interest. *Id.* at 7.

### III. ANALYSIS

Federal Rule of Civil Procedure 55 allows the Court to enter a default judgment against a party who was properly served and failed to answer. Fed. R. Civ. P. 55(b). Although the Court may conduct evidentiary proceedings to determine the amount of damages owed, such a hearing is not necessary where the damages are for a sum certain or an amount easily computed, and the evidence of damages is present in the record. Fed. R. Civ. P. 55(b)(2); *see also, e.g., Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

SB Partners was properly served, ECF No. 3, but did not respond to the Complaint within the required time limit. The Clerk entered a default on November 20, 2014. ECF No. 14. Because SB Partners failed to respond to Ameris's filings, the Court finds that the entry of default was appropriate.

The Court finds it unnecessary to conduct an evidentiary proceeding in this matter because evidence of the amount of damages is present in the record and is uncontroverted. *See* ECF No. 15-2 at 2-4. The Court finds that Ameris has sustained damages on two separate notes: on Note 1455850, Ameris sustained damages in the principal amount of $1,286,787.33, and on Note 1455910, Ameris sustained damages in the principal amount of $4,102,211.93. *See id.* The Court also finds, as per the terms of the Notes, that interest and attorney fees should be added to the principal amounts. *See* ECF Nos. 1-1 at 2; 1-3 at 2.

---

[1] The other defendant, Roy Shiver, has filed an answer. ECF No. 12.

## IV. CONCLUSION

The Court **ORDERS** the Clerk to enter a judgment against SB Partners in favor of Ameris in the following amounts:

1. On Note 1455850, judgment is entered in the principal amount of $1,286,787.33, pre-judgment interest as of November 21, 2014, in the amount of $786,948.16, with interest accruing thereafter on said principal amount at the per diem rate of $571.91, plus $311,060.32 in attorney fees.

2. On Note 1455910, judgment is entered in the principal amount of $4,102,211.93, pre-judgment interest as of November 21, 2014, in the amount of $2,200,614.47, with interest accruing thereafter on said principal amount at the per diem rate of $1,823.21, plus late fees in the amount of $825.00, plus $945,423.96 in attorney fees.

This 2 day of December 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA