IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AMERIS BANK, as assignee of           *
The Federal Deposit Insurance         *
Corporation, receiver of              *
Darby Bank and Trust Co.,             *
                                      *
          Plaintiff,                  *
                                      *
     v.                               *     CV 614-097
                                      *
SB PARTNERS, LLC and                  *
ROY S. SHIVER, JR.,                   *
                                      *
          Defendants.                 *

## O R D E R

Currently before the Court is Plaintiff's motion for summary judgment. (Doc. 22.) For the reasons discussed below, Plaintiff's motion is **GRANTED**.

### I.   Background

This case is based on two promissory notes and two personal guaranties. Defendant SB Partners, LLC executed the promissory notes at issue, which Ameris Bank now owns, in favor of Darby Bank.[1] It executed one note in the principal amount of $1,350,382.00 ("Note 1455850") and another in the amount of

---

[1] According to Ameris Bank, the Georgia Department of Banking and Finance closed Darby Bank in 2010 and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. Subsequently, the FDIC sold Darby's assets, including the promissory notes and guaranties involved in this case, to Ameris Bank. (Doc. 23, Ex. 2 ¶ 20.)

$6,548,000.00 ("Note 1455910"). Both notes require SB Partners to pay interest, and both include language requiring SB Partners to pay fifteen percent of the principal and accrued interest as attorneys' fees if the lender uses an attorney to collect unpaid amounts. Defendant Shiver executed the relevant personal guaranties, in which he promised to pay limited amounts of the debt specified in Note 1455850 and Note 1455910. (Doc. 23, Ex. 6.) Similar to the notes, Shiver's guaranties also include provisions requiring him to pay fifteen percent of the unpaid principal and interest as attorneys' fees if an attorney is used to collect the debt. (See id.)

SB Partners subsequently defaulted on both notes, and Ameris Bank notified SB Partners and Shiver of the default and demanded payment. After neither Defendant tendered payment, Ameris Bank initiated this action. SB Partners never appeared, and the Court entered default judgment against it. (Doc. 18.) Shiver appeared and asserted three affirmative defenses: (1) that the relevant documents were not properly notarized or witnessed; (2) that a third party entered into certain documents on behalf of SB Partners without Shiver's consent;[2] and (3) that a non-party lawyer negotiated an inappropriate settlement to Shiver's detriment. (Doc. 12 ¶¶ 4-6.) Ameris Bank now moves for summary judgment and asks the Court to order Shiver to pay the amounts he owes under the guaranties.

---

[2] Although not relevant to this matter, Shiver was apparently a member of SB Partners, which explains this affirmative defense.

2

## II. Legal Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [its] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted).

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Before the Court can evaluate the non-movant's response in opposition, it must first consider whether the movant has met its initial burden of showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). A mere conclusory statement that the non-movant cannot meet the burden at trial is insufficient. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th 1991). If—and only if—the movant carries its initial burden, the non-movant may avoid summary judgment only by "demonstrate[ing] that there is indeed a material issue of fact that precludes summary judgment." Id. "Only if after introduction of the non-movant's

3

evidence, the combined body of evidence presented by the two parties relevant to the material fact is still such that the movant would be entitled to a directed verdict at trial—that is, such that no reasonable jury could find for the non-movant— should the movant be permitted to prevail without a full trial on the issues." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993). Additionally, although *pro se* litigants are entitled to some leniency, they must still establish that there is a dispute as to a material fact. Osahar v. Postmaster Gen., 263 F. App'x 753, 761 (11th Cir. 2008).

In this action, the Clerk of the Court gave Defendant Shiver notice of the motion for summary judgment and informed him of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 25.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

### III. Discussion

As an initial matter, under Southern District of Georgia Local Rule 56.1, when Ameris Bank moved for summary judgment against Shiver, it served Shiver with a statement of material

4

facts that it contended were uncontested. (Doc. 24.) Shiver has not responded to those statements, and under Local Rule 56.1, uncontroverted statements are deemed admitted. See Bank of the Ozarks v. Kingsland Hospitality, LLC, No. 4:11-cv-237, 2012 WL 5928642, at *4 (S.D. Ga. Oct. 5, 2012). Shiver has, however, responded to the motion and presented some evidence, and the Court will consider his evidence. To the extent that Shiver's evidence does not contradict Ameris Bank's statement of material facts, however, the Court will consider those facts admitted.

A.  **Shiver's liability**

Under Georgia law, a party who claims breach of contract must establish the existence of the contract. See Producers Credit Corp. v. McCleskey, No. 5:15-CV-214, 2015 WL 6126831, at *2 (M.D. Ga. Oct. 16, 2015). Once the contract is established, a plaintiff then must prove "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., Inc., 705 S.E.2d 305, 306 (Ga. Ct. App. 2010) (footnote omitted) (citation omitted) (internal quotation marks omitted). In an action for breach of a promissory note or guaranty, once a plaintiff produces the agreement, "a prima facie right to judgment as a matter of law [is] established, and the burden shift[s] to [the debtors] to produce or point to evidence in the

5

record which establishe[s] an affirmative defense." Wells Fargo Bank, N.A. v. SFPD II, LLC, No. 1:11-cv-04001-JEC, 2013 WL 541410, at *2 (N.D. Ga. Feb. 12, 2013) (alterations in original) (citation omitted) (internal quotation marks omitted).

Here, Ameris Bank has produced copies of the guaranties showing Shiver's signature, Shiver has failed to respond to Ameris Bank's statement of facts that address his liability and default, and he has not produced any evidence disputing his default or liability. Shiver, therefore, has admitted the existence of the guaranties and his default. So Ameris Bank has established that Shiver breached his obligations under the guaranties. In his answer, Shiver raised three affirmative defenses, but he has not pointed to any evidence supporting his defenses, and he did not address the defenses in his response brief. Ameris Bank, however, concedes that the facts support his claim that the guaranties were not witnessed or notarized. But that, Ameris Bank argues, does not invalidate the contract. Because the Court is aware of no law requiring a guaranty be notarized and witnessed, Shiver's defense fails. See Triple T-Bar, LLC v. DDR Se. Springfield, LLC, 769 S.E.2d 586, 590 (Ga. Ct. App. 2015) (finding guarantors' arguments that a guaranty failed because it was not notarized and because the guarantors did not initial every page meritless because the guarantors did not provide supporting authority and their signatures were

6

plainly on the document). And Shiver does not contend that the guaranty lacks his signature or that it fails to identify the debt, the debtor, the promisor, or the promisee. See id. at 589-90 ("Under Georgia's Statute of Frauds, a personal guaranty of a debt is not enforceable unless it is in writing, is signed by the party being charged as the guarantor, and identifies the debt, the principal debtor, the promisor, and the promisee." (citation omitted) (internal quotation marks omitted)). Accordingly, Ameris Bank has shown that Shiver breached the guaranty, and the Court **GRANTS** summary judgment on this issue.

**B. Damages**

Ameris Bank also argues that summary judgment is proper as to the amount due on the guaranties. Ameris Bank has produced evidence that the total combined principal owed on the notes is $5,343,826.78. (Doc. 23, Ex. 2 ¶ 16.) In its brief, Ameris Bank seeks $3,343,826.78 in principal from Shiver. But Shiver's guaranties contain language limiting his liability on the principal to a combined amount of $2,000,000.00. His guaranty on Note 1455850 provides: "The words 'Guarantor's Share of the Indebtedness' as used in this Guaranty mean an amount not to exceed Two Hundred Fifty Thousand & 00/100 Dollars ($250,000.00) of the principal amount of the Indebtedness . . . . [His share] also includes all accrued unpaid interest on the Indebtedness . . . ." (Doc. 23, Ex. 6 at 2.) Shiver's guaranty

7

on Note 1455910 similarly limits the amount he owes on the principal to $1,750,000.00. (See Doc. 23, Ex. 6 at 5, 7.) Moreover, Ameris Bank's complaint seeks only $2,000,000.00 of the total principal amount from Shiver. (See Doc. 1 ¶ 61.) Accordingly, the Court finds that Shiver's liability on the total principal amount owed on the notes is limited to $2,000,000.00.

Regarding interest, the guaranties—and facts Shiver has admitted—show that, in addition to the limited principal liability, Shiver is liable for all unpaid interest. Ameris Bank has presented the affidavit of Patrick Brodmann, an Ameris Bank employee, to prove the total amount of interest owed. Brodmann's affidavit represents that, as of April 15, 2015, the unpaid interest on the notes amounts to $2,906,106.85 in accrued interest and $2,375.04 per day in interest. (Doc. 23, Ex. 2. ¶ 16.) It also states that $825 in late fees remain outstanding. (Id.) Shiver has not challenged these amounts or pointed to contradictory evidence. Accordingly, the Court **GRANTS** summary judgment on this issue and **ORDERS** that Shiver pay the following amounts: $2,000,000.00 toward the combined principal amount; $2,906,106.85 in accrued interest; $2,375.04 per day in interest from April 15, 2015 until the date of judgment; and $825 in late fees.

## C. Attorneys' fees

Pursuant to the guaranties and O.C.G.A. § 13-1-11, Ameris Bank also requests attorneys' fees. Section 13-1-11 provides that attorneys' fees specified in notes or "other evidence of indebtedness" are valid up to fifteen percent of the principal and interest owed if the debt is collected through an attorney. "And [a] guaranty contract is an evidence of indebtedness within the meaning of [the statute]." RES-GA SCL, LLC v. Stonecrest Land, LLC, 776 S.E.2d 489, 500 (Ga. Ct. App. 2015) (alterations in original) (citation omitted) (internal quotation marks omitted). To prevail under this statute, the party seeking to recover must send written notice, after maturity, to the debtor stating that the party intends to enforce the provision on attorneys' fees and that the debtor has ten days to pay the entire amount due before being liable for the attorneys' fees. Id. at 501.

Following the statute, the guaranties in this case require Shiver to pay, in addition to court costs, attorneys' fees in the amount of fifteen percent of the principal and interest if an attorney is used to collect the debt. Ameris Bank's attorneys sent Shiver two letters expressing Ameris Bank's intent to enforce the guaranties and the provisions on attorneys' fees and informing Shiver that he could avoid the attorneys' fees by paying the full amount within ten days. (See

9

Doc. 23, Ex. 7.) Shiver has not challenged the provision on attorneys' fees or his notice. Accordingly, Ameris Bank's motion for summary judgment on this issue is **GRANTED**. The Court **ORDERS** Shiver to pay: $1,237,490.05 in attorneys' fees, which represents fifteen percent of the unpaid principal and interest owed on the notes; $356.26 per day in attorneys' fees from April 15, 2015 until the date of judgment, which represents fifteen percent of the per diem interest; and appropriate court costs.

D. **Shiver's response brief**

As previously mentioned, in his response brief, Shiver fails to respond to Ameris Bank's arguments. But he does attempt to raise a few additional issues. Shiver asserts that Ameris Bank improperly settled with a different guarantor, references fraud by a non-party, expresses concern about the actions of his attorney during the underlying transaction, and asks the Court to investigate Darby Bank's actions during that transaction. Shiver, however, fails to provide evidence of these issues and fails to establish how the Court can properly redress his concerns at this time.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff Ameris Bank's motion (doc. 22). The Court directs the Clerk to **ENTER JUDGMENT** in favor of Ameris Bank against Shiver and **ORDERS**

10

that Shiver pay the following amounts: (1) $4,906,931.85 in unpaid principal, interest, and late fees; (2) $2,375.04 per day in interest from April 15, 2015 until the date of judgment; (3) $1,237,490.05 in accrued attorneys' fees; (4) $356.26 per day in attorneys' fees from April 15, 2015 until the date of judgment; and (5) appropriate court costs. The Clerk shall **CLOSE** this case and terminate all parties and deadlines.

**ORDER ENTERED** at Augusta, Georgia this 4th day of January, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA